E-FILED on   09/24/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BASIC RESEARCH, LLC, a Utah limited liability company; and CARTER-REED COMPANY, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MATTHIAS RATH, an individual; and MATTHIAS RATH, INC., a California corporation,<br><br>Defendant. | No. C-09-00942 RMW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTIONS FOR A MORE DEFINITE STATEMENT AND TO STRIKE<br><br>**[Re Docket No. 18]** |

Defendants Dr. Matthias Rath and Matthias Rath, Inc. (collectively "Rath"), move to dismiss plaintiffs Basic Research, LLC and Carter-Reed Company, LLC's (collectively "Carter Reed") first and third claims for relief under Rule 12(b)(6) or, in the alternative, move for a more definitive statement of the first and third claims pursuant to Rule 12(e). Defendants also move to strike ¶¶ 19(b) and (c) from claim one, ¶ 23 from claim two and plaintiffs' third claim. For the reasons set forth below, the court denies defendants' motions.

# I. BACKGROUND

On August 23, 2004 Rath sued Carter Reed for allegedly infringing Rath's Relacor United States' trademark by marketing and selling a dietary supplement product known as Relacore. First Amended Complaint ("FAC") ¶ 10. Before Carter Reed responded to the complaint the parties agreed to resolve their dispute and executed an initial settlement agreement on October 15, 2004 followed by a second more formal settlement agreement on November 18, 2004. Motion at 6:6-13. Pursuant to the settlement agreements, Carter Reed agreed to pay Rath $320,000 to "purchase and acquire the [Relacor] Trademark and all goodwill associated with the Trademark, the Registration, and the following domain names: relacor.us, relacor.info and relacor.biz . . ." Settlement Agreement ¶ 2, FAC ¶ 12. The agreement required Rath:

> . . . to sell off its existing inventory and . . . cease the sale and marketing of all of the following: 1) any and all products or services bearing the Trademark/servicemark, 2) any and all products and services bearing any substantially similar trademark/servicemark; 3) any and all products or services bearing a trademark/servicemark containing the word "Rel" (or any form thereof) together with the word "Cor" (or any form thereof).

*Id.* at 13. The second more formal agreement contained an express integration clause providing that no oral or implied agreements existed not provided for by the parties. FAC ¶ 14.

Carter Reed alleges that, despite the provisions of the settlement agreements, defendants continued to sell and market products under the Relacor trademark. FAC ¶ 15. Carter Reed further alleges Rath made efforts to register or maintain the registration of the mark in other countries by actually selling or marketing the mark, or maintaining the mark with the intent to sell or market the mark. FAC ¶ 16. Finally, Carter Reed contends that Rath has opposed the efforts of Carter Reed and their privies to register the Relacor trademark based on actual sale or marketing of products using the mark. FAC ¶ 16.

Carter Reed filed its complaint on March 4, 2009 and its FAC on June 22, 2009. The FAC raises the following claims for relief: (1) declaratory relief; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing.

/ / /

/ / /

## II. ANALYSIS

### A. Legal Standard

In evaluating a motion to dismiss under Rule 12(b)(6), the court must consider whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Moreover, in ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). However, a court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Id.* at 453-54. The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Therefore, this court accepts as true all material allegations in the complaint, the settlement agreements attached to the motion, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Declaratory Relief

Plaintiffs first allege a claim for declaratory relief: (a) that defendants are in breach of the settlement agreement; (b) that defendants must immediately cease and desist all sales and marketing of products using the Relacor trademark and (c) that defendants must immediately terminate or withdraw all trademark registrations and applications for the mark Relacor to the extent such registrations and applications require defendants to use the Relacor trademark in the sale or marketing of Relacor products from and after May 31, 2005. FAC ¶ 17-19. Rath moves to dismiss this claim asserting that Carter Reed provides no terms in the settlement agreements on which to grant declaratory relief. Motion at 8:9-10. However, there is a dispute as to whether the settlement agreement as formalized in November 2004 covers any conduct related to foreign trademarks or

foreign sales and marketing. Defendants correctly observe that the U.S. registration (2702840) is the only registration referenced in the agreements. However, the November agreement explicitly states that Rath shall "cease the sale and marketing of all of the following: 1) any and all products bearing the Trademark/servicemark, 2) *any and all products and services bearing any substantially similar trademark/servicemark; 3) any and all products or services bearing a trademark/servicemark containing the word 'Rel' (or any form thereof) together with the word 'Cor' (or any form thereof)*." (Emphasis added). Therefore, at least at the pleaading stage, there is a dispute as to the scope of the settlement. The governing settlement agreement may be reasonably susceptile to more than one interpretation.

In order to state a claim for declaratory relief under 28 U.S.C.S. § 2201, a plaintiff must show that an actual controversy exists based on the totality of the circumstances. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272 (1941). Taken together, plaintiffs' allegations establish an actual controversy which supports the court's jurisdiction to hear plaintiffs' declaratory relief claims. Moreover, the court notes that plaintiffs' declaratory relief claims arise from and are related to defendants' alleged breach of contract. Therefore, judicial economy is served by allowing plaintiffs to pursue the declaratory relief claims together with the contract claim for relief. Thus, the court denies defendants' motion to dismiss plaintiffs' claim for declaratory relief.

### C. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiffs' third claim asserts that Rath's actions interfered with plaintiffs' right to receive the benefits of the settlement agreement and, therefore, that Rath's actions were in violation of the covenant of good faith and fair dealing. FAC ¶ 31. In response, Rath moves to dismiss plaintiffs' claim. Rath argues 1) that plaintiffs fail to state the term that was breached and 2) that no implied terms exist in the second more detailed settlement agreement because ¶ 12 states that there are "no oral or implied agreements or understandings not specifically set forth herein." Motion at 11:5-10. In response plaintiffs point out that every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 798 (2008). To establish a breach of an implied covenant of good faith and fair

dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's right to benefit from the contract. *See Racine & Laramie v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (1992). Plaintiffs argue that because the explicit terms of the agreements require Rath to cease the sale and marketing of Relacor products, Rath is frustrating the plaintiffs' right to realize the benefits of the settlement agreement by maintaining and acquiring foreign trademarks and registrations using "rel" and "cor." *See* FAC ¶ 31.

Obligations imposed by the covenant of good faith and fair dealing govern the manner in which the contractual obligations must be discharged. "However, what that duty embraces is dependent upon the nature of the bargain struck between the [parties] and the legitimate expectations of the parties which arise from the contract." *Commercial Union Assurance Companies v. Safeway Stores, Inc.*, 26 Cal.3d 912, 918 (1980). Although the court initially felt plaintiffs' breach of the covenant of good faith and fair dealing was not viable, it has been persuaded that at least from a pleading standpoint, plaintiffs have sufficiently alleged that Rath has frustrated plaintiffs' right to realize the benefits of the settlement agreement it entered into with Rath. Therefore, the motion to dismiss the claim for breach of the covenant of good faith and fair dealing is denied.

### D. Motion to Strike

In evaluating a motion to strike, the court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, and constitute a "drastic remedy." 2 Moore's Federal Practice, § 12.37[1] (Matthew Bender 3d ed. 1997).

Rath moves to strike parts of both of the first and third complaints. First, Rath moves to strike the word "all" in plaintiffs' first claim for declaratory relief where plaintiffs demand Rath "cease and desist all sales and marketing of the RELACOR trademark" and that Rath "termiante and/or withdraw all trademark registrations and application for the mark RELACOR . . . ." FAC ¶ 19. According to Rath, the word all in the complaint suggests a worldwide application where the agreement only has application in the United States. Motion at 13: 4-7. Rath claims the settlement agreements' reference to the sale and transfer of only the U.S. registration limits their application.

However, the scope of "all" in the context of the requirement that Rath cease all sales and marketing is a disputed issue. Rath's motion has failed to demonstrate paragraphs 19(b) and (c) only have application in the United States.

Rath also moves to strike plaintiffs' third claim where plaintiffs assert Rath is taking steps to "register, maintain the registration of, and/or oppose . . ." plaintiffs' efforts in registering the Relacor mark. FAC ¶ 31. The claim is not "redundant, immaterial, impertinent, or scandalous" to justify striking it.

The motion to strike is denied.

### E. Breach of Contract

Rath also moves to strike plaintffs' breach of contract claim, but in so moving, Rath appears to argue the complaint fails to state a claim. Motion at 14:24-26 and 15:1-7. For example, Rath moves to strike the statement that Rath "breached and is currently breaching" the settlement agreement because the complaint fails to provide sufficient factual basis for that allegation. FAC ¶ 23. Rath contends the statement is unsupported by facts and conclusory. Motion at 13:24-26.

The court will address a motion to strike and the underlying motion to dismiss simultaneously. Under California law, a plaintiff must establish "the existence of the contract, performance by the plaintiff or excuse for nonperformance, and breach by the defendant and damages" to state a breach of contract claim. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App. 4th 731, 745 (2001). Carter Reed establishes the existence of the settlement agreements and provides adequate factual allegations that plaintiffs performed their obligations under the settlement agreements and that defendants failed to comply. FAC ¶ 21-24. Carter Reed asserts that defendants " . . . have breached and are currently breaching the Settlement Agreement by, *inter alia,* selling and marketing products under the trademark Relacor from and after May 31, 2005." FAC ¶ 23. In order to withstand a motion to dismiss, Carter Reed must have pled enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Carter Reed's claim for breach of contract runs directly from the language of the agreements and is sufficiently pled by its allegations. Under California law, the mutual intention of the parties, at the time the contract is formed, governs the

interpretation of the contract. Cal. Civ. Code § 1636. Such intent is to be inferred, if possible, solely from the written provisions of the contract. Cal. Civ. Code § 1639. The Parol Evidence Rule bars courts from using extrinsic evidence to rewrite the terms of the contract where the language used is not reasonably susceptible to such an interpretation. *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (Cal. 2004). The complaint includes sufficient facts to state a plausible claim for breach of contract. Therefore, the court denies Rath's motions to dismiss and strike the breach of contract claim.

### F. Motion for a More Definitive Statement

Defendants seek in the alternative, a more definitive statement with respect to the first and third causes of action so that they explicitly relate only to plaintiffs' rights to the U.S. Trademark Registration. Motion at 13:11-12, and 14:23-25. A party may move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). Because Rath can reasonably understand the nature of the Carter Reed's first and third claims Rath's motion for a more definite statement on both claims is denied.

### G. Statute of Limitations

Finally, Rath asserts that all three claims are barred by the statute of limitations. The California statute of limitations for breach of contract claims is four years pursuant to Cal. Code of Civil Procedure § 337(1). A statute of limitations defense may be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The statute of limitations for a given cause of action begins to run when the cause of action accrues, generally, when the wrongful act is done, or when the wrongful result occurs, whichever is later. *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 397 (1999). Stated differently, the statute of limitations is often said to commence "upon the occurrence of the last element essential to the cause of action." *Id.* Rath poinst to the signing date of the last agreement on November 18, 2004, and alleges that the "instant action was brought in March 2009, well after the expiration of the four-year statute of limitations, and therefore is time-barred." Motion at 15:15-17. However, plaintiffs allege with enough factual specificity that the statute of limitations began to run

from the date of the sunset period, May 31, 2005, when Rath was required to have sold off the last of its existing inventory. FAC ¶ 13. It is on this date that Rath's violations may first have been apparent. Accordingly, plaintiffs plead sufficient facts to support that they would have been unaware of the breach of the contract until May 31, 2005, at the end of the sunset period; and therefore, the complaint filed on March 4, 2009 falls within the four year statute of limitations.

## III. ORDER

For the foregoing reasons, the court denies Rath's motion to dismiss, motion for more definitive statements and motion to strike.

DATED:  09/24/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

Evan S. Strassberg    evan.strassberg@basicresearch.org

**Counsel for Defendant(s):**

Ali Kamarei    alik@inhouseco.com

Each party's counsel is responsible for ensuring that co-counsel receives a copy of this order if co-counsel has not registered for e-filing pursuant to the court's CM/ECF program.

**Dated:**    09/24/09    JAS
**Chambers of Judge Whyte**

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
C-09-0942 RMW
AKT                         9